# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GHAZI SALAMEH MARJI,

        Defendant-Appellant.

UNPUBLISHED
March 14, 2017

No. 330193
Oakland Circuit Court
LC No. 2009-229091-FH

Before: GLEICHER, P.J., and MURRAY and FORT HOOD, JJ.

GLEICHER, J. (*concurring*).

I fully concur with the majority opinion, and write separately only to further elucidate the reasons that this case must be remanded to the trial court.

MCR 6.445(E)(1) provides that at a probation violation hearing "[t]he state has the burden of proving a violation by a preponderance of the evidence." Does this language refer only to the defendant's indebtedness, as was assumed here, or does it also encompass the defendant's ability to pay? The court rules do not directly address the evidentiary burdens applicable to a finding that a defendant has the ability to pay a restitution order but has willfully chosen not to do so. In my view, when the prosecutor seeks to revoke probation based on a defendant's failure to pay, it must produce enough evidence that the probationer has assets available to pay. Without this evidence, a court cannot make any meaningful determination that a probationer willfully chose *not* to pay.

My analysis centers on the statutory and constitutional requirements that a court refrain from ordering incarceration absent a finding that a probationer's failure to pay was deliberate rather than the product of poverty. An affirmative finding of willfulness should be supported by evidence of record. And because the prosecution is the party moving for incarceration, the prosecution should bear the burden of its production. See *Del Valle v State*, 80 So 3d 999, 1012 (Fla, 2011) ("[I]f the State seeks to revoke probation on the basis of failure to pay, it must introduce evidence on the probationer's ability to pay that would support the trial court's finding of willfulness."). Once this evidence is produced, it makes sense to hold the defendant responsible for coming forward with rebuttal evidence regarding his employment status, earning capacity, and financial resources. But contrary to the trial court's pronouncement that "I don't have to prove anything, you have to prove it to me," the prosecution must present more than

-1-

smoke and mirrors to justify a probationer's incarceration. Only then should the defendant be required to explain why the prosecutor has it wrong.

Here, all the prosecution brought to the court's attention was stale information and an evidentiary void: "the defendant, at the time, was back when this occurred, had a trucking business, and apparently - - I don't know if he's dissolved that trucking business or sold off the assets of that trucking business, but certainly those assets have value." The prosecution also did not know if Marji's "trucking business" had any assets to sell. But that did not stop the prosecutor from adding a new layer of unsupported assumption: "[C]ertainly the selling of that business would have provided some monetary benefit to the defendant, and so you know, the defendant has chosen not to pay these monies. It's very easy, as the court is aware to conceal assets." Hunches and guesses are not facts, and nothing in this record reveals anything more. I would hold that if the prosecution fails to produce evidence of Marji's assets on remand, he must be discharged from parole forthwith.

/s/ Elizabeth L. Gleicher